UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CONSTANTE P. BAROT *et al.*,

    *Plaintiffs*,

v.

ALDON MANAGEMENT,

    *Defendant*.

Civil Action No. 18-140 (TJK)

# ORDER

Plaintiffs Constante and Dolores Barot, proceeding *pro se,* sued Defendant Aldon Management ("Aldon") in the Superior Court of the District of Columbia. They assert a scattershot array of claims under federal and District of Columbia law stemming from Constante Barot's employment as a custodian at a building managed by Aldon, and their tenancy in employee housing related to that employment. *See* ECF No. 1-2 at 7–16 ("Compl."). Specifically, they appear to bring claims under Title VII of the Civil Rights Act, the Age Discrimination and Employment Act (ADEA), the Fair Housing Act, the District of Columbia Human Rights Act (DCHRA), and several provisions of District of Columbia landlord-tenant law. *See id.* at 16. Aldon removed the case to this Court, ECF No. 1, and moved to dismiss the complaint for failure to state a claim, ECF No. 12. For the reasons explained below, Aldon's motion will be granted in part and denied in part.

\*                  \*                  \*

A motion to dismiss under Rule 12(b)(6) "tests whether a plaintiff has properly stated a claim." *BEG Invs., LLC v. Alberti*, 85 F. Supp. 3d 13, 24 (D.D.C. 2015). "A court considering such a motion presumes that the complaint's factual allegations are true and construes them liberally in the plaintiff's favor." *Id*. Nonetheless, the complaint must set forth enough facts to

"state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . do not suffice." *Iqbal*, 556 U.S. at 678. "[A]lthough a pro se complaint 'must be construed liberally, the complaint must still present a claim on which the Court can grant relief.'" *Untalasco v. Lockheed Martin Corp.*, 249 F. Supp. 3d 318, 322 (D.D.C. 2017) (quoting *Budik v. Dartmouth–Hitchcock Med. Ctr.*, 937 F. Supp. 2d 5, 11 (D.D.C. 2013)). "A court considering a *pro se* plaintiff's complaint should look to 'all filings, including filings responsive to a motion to dismiss,' to discern whether the plaintiff has 'nudged [her] claim[s] across the line from conceivable to plausible.'" *Mehrbach v. Citibank, N.A.*, 316 F. Supp. 3d 264, 268 (D.D.C. 2018) (citation and internal quotation marks omitted) (first quoting *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015); then quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

\*     \*     \*

Aldon moves to dismiss each of the identifiable claims in the complaint for failure to state a claim. The Court considers each claim in turn.

### Title VII of the Civil Rights Act

Aldon first asserts that Plaintiffs have failed to state a claim for employment discrimination based on national origin under Title VII because they have not alleged that "[Aldon's] decisions with regard to employment (or housing as a condition of employment) were made with any discriminatory intent or animus, or that a discriminatory motive was even at play." MTD at 6. But Aldon far overstates the requirements to sufficiently plead a claim of discrimination under Title VII. "To state a prima facie case of discrimination, a plaintiff must allege that she is part of a protected class under Title VII, she suffered a cognizable adverse

employment action, and the action gives rise to an *inference* of discrimination." *Walker v. Johnson*, 798 F.3d 1085, 1091 (D.C. Cir. 2015) (emphasis added). Aldon does not dispute the first two requirements. And Plaintiffs have, though barely, "plead[ed] sufficient facts, if accepted as true, to [at least] create a plausible inference of discrimination." *Thomas v. Wash. Metro. Area Transit Auth.*, 305 F. Supp. 3d 77, 86 (D.D.C. 2018).

In their complaint, they allege that Aldon, on account of Plaintiffs' Filipino national origin, provided them with living quarters in the building where Constante Barot worked—a condition of each custodian's employment—that were smaller and otherwise inferior to his "American" counterparts. *See* Compl. ¶¶ 1, 22, 29–30. They allege that these "similarly situated co-employee[s]" were given "real two bedroom apartments while Plaintiffs were provided a DIFFERENT TYPE" where the "[second] Bedroom was illegaly [sic] constructed from part of the Laundry Room." *Id.* ¶¶ 29–30. And they further allege that their "discounted rent is higher than [Barot's] American and younger counterpart whose apartment unit is a regular two bedroom apartment." *Id.* ¶ 36; *see also* ECF No. 1-2 at 74–78 (lease addendums for Constante Barot and a non-Filipino custodian in another of Aldon's buildings). Those allegations are sufficient to create a plausible inference that Aldon's actions were discriminatorily motivated and thereby "raise [Plaintiffs'] right to relief above the speculative level,'" all that is required at this stage. *Brown v. Sessions*, 774 F.3d 1016, 1023 (D.C. Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

The Age Discrimination in Employment Act

For similar reasons, Plaintiffs' claim of age discrimination under the ADEA also survives Aldon's motion to dismiss. Aldon argues that Plaintiffs' complaint "contains no mention of how [Aldon's] alleged conduct constitutes age discrimination" and "[n]o allegations [that] are ever tied to any adverse actions of which Plaintiffs complain." MTD at 6. But again, Aldon demands

3

too much of the complaint. As with a claim of national-origin discrimination under Title VII, the "essential elements" of an age discrimination claim are that "the plaintiff suffered an adverse employment action . . . because of the plaintiff's . . . age." *Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008). Plaintiffs, noting that Constante Barot is 67 years old, allege that Aldon provided Plaintiffs with inferior living quarters on account of his age. *See* Compl. ¶¶ 3, 22, 29, 36. They note that Constante Barot is the "oldest among his counterparts," who each allegedly were provided superior housing arrangements, and in at least one case at a lower rent, and that this disparate treatment was due to his comparatively older age. *See* ECF No. 14 ("Opp'n") at 7; Compl. ¶ 36. Though admittedly minimal, those allegations, particularly "when considered through the liberal lens afforded *pro se* filings," *Fennel v. AARP*, 770 F. Supp. 2d 118, 131 (D.D.C. 2011), are sufficient to plausibly allege an inference of age discrimination.

Housing Discrimination Claims

Aldon argues that Plaintiffs' claims under the Fair Housing Act and the DCHRA for housing discrimination on the basis of their national origin should be dismissed for the same deficiencies it identified with Plaintiffs' Title VII claims. *See* MTD at 10–12 & n.5. As with a claim for employment discrimination, to state a claim for disparate treatment under the Fair Housing Act on the basis of race, the plaintiff must allege "that the defendant intentionally discriminated against [him] on the basis of [his national origin]." *2922 Sherman Ave. Tenants' Ass'n v. District of Columbia*, 444 F.3d 673, 682 (D.C. Cir. 2006).[1] For the reasons already explained, however, Plaintiffs' allegations that Aldon discriminated against him on account of his national origin just barely pass muster.

---

[1] Aldon asserts that Plaintiffs' DCHRA housing discrimination claim should be analyzed under the same standards as Title VII claims. *See* MTD at 10 n.5. Under that approach, Plaintiffs' DCHRA housing discrimination claim survives as well.

4

Nonetheless, Aldon alternatively argues that Plaintiffs' Fair Housing Act claim fails as a matter of law because Plaintiffs only allege "post-acquisition housing discrimination," which, it contends, 42 U.S.C. § 3604(b) of the Act does not prohibit. *See id.* at 12–13. While some courts have found that § 3604(b) does not extend to discriminatory conduct interfering with an individual's use of property *after* the property was leased or sold, *see, e.g.*, *Halprin v. Prairie Single Family Homes of Dearborn Park Ass'n*, 388 F.3d 327, 329 (7th Cir. 2004); *see also Clifton Terrace Assocs., Ltd. v. United Techs. Corp.*, 929 F.2d 714, 719 (D.C. Cir. 1991) (finding that the Fair Housing Act "reach[es] only discrimination that adversely affects the availability of housing," and not "matter[s] of habitability"), the Court need not address the scope of § 3604(b) here. Plaintiffs have alleged in their complaint that Aldon discriminated against them in the *provision* of housing; specifically, they allege that Plaintiffs were provided with inferior housing on account of their national origin when Constante Barot was hired as a custodian. *See* Compl. ¶ 22 ("[Aldon] *provided* Plaintiffs a DIFFERENT APARTMENT UNIT than [Barot's] American counterpart." (emphasis added)); *see also* Opp'n at 7 (claiming discrimination when "Plaintiffs were provided [a] different kind of apartment unit" and complaining of "the iniquity that [Aldon] has been hiding for so many years"). Those allegations fall within the scope of § 3604(b).

<u>Breach of the Warranty of Habitability</u>

Aldon next contends that Plaintiffs' claims for breach of the implied warranty of habitability under District of Columbia law must be dismissed because Plaintiffs failed to sufficiently allege a "nexus between any code violation and Plaintiffs' health or safety." MTD at 14. It further claims that Plaintiffs have not demonstrated that Aldon negligently failed to cure any defects in the habitability of their apartment such that Aldon is liable for damages. *Id.* at 15. The Court disagrees. In the District of Columbia, "a landlord's failure to comply with the

5

housing regulations constitutes a privately-enforceable breach of the warranty of habitability." *Parham v. CIH Props., Inc.*, 208 F. Supp. 3d 116, 124 (D.D.C. 2016) (citing *Javins v. First Nat'l Realty Corp.*, 428 F.2d 1071, 1082 (D.C. Cir. 1970)); *see also* 14 D.C.M.R. § 301. The warranty "creates for landlords a continuing duty during the lease term to 'exercise reasonable care to maintain rental premises in compliance with the [D.C.] housing code.'" *Parham*, 208 F Supp. 3d at 124 (alteration in original) (quoting *George Wash. Univ. v. Weintraub*, 458 A.2d 43, 47 (D.C. 1983)); *see also Childs v. Purll*, 882 A.2d 227, 234 (D.C. 2005) ("[T]he Housing Regulations impose numerous duties on landlords and their agents to keep residential premises safe and habitable, and not to rent habitations that are unsafe.").

Here, Plaintiffs allege that they entered into a lease with Aldon for a two-bedroom apartment with four occupants, and they contend that Aldon has breached those terms by failing to provide two habitable bedrooms under applicable District of Columbia Housing regulations. *See* Compl. ¶¶ 8–12, 21, 26–27. They allege that one of the purported bedrooms "was illegally constructed from part of the Laundry Room" and that its "only window measured 4 ft and 7 inches high," and thus that Plaintiffs "occupy/rent an apartment that is dangerous and [a] fire hazard." *Id.* ¶ 21. To corroborate their safety concerns, they attach to their complaint an inspection report from the District of Columbia Department of Consumer Affairs indicating that the window in the second bedroom "does not meet today's building code requirement for egress." ECF No. 1-2 at 57. And they allege that Aldon may have been aware of these deficiencies at the time the room was constructed. *See* Compl. ¶¶ 27, 28. These allegations, which plausibly allege that Aldon has failed to maintain two habitable bedrooms under applicable District of Columbia housing regulations as required by the terms of the lease, are sufficient to plead a claim for breach of the implied warranty of habitability. *See* 14 D.C.M.R.

6

§§ 400.3 ("No person shall rent . . . any habitation . . . unless [it is] in a clean, safe, and sanitary condition."); 403.2 ("Each habitable room shall conform to the requirements of this subtitle."); *see also id.* §§ 502.1 (natural light requirements for habitable rooms); 506 (ventilation requirements for habitable rooms).

Remaining Claims Under the District of Columbia Law

Aldon lastly argues that Plaintiffs' two remaining claims—for violations of (1) D.C. Code § 42-3505.2 and (2) D.C. Code §§ 42-3502.22 and 42-3502.13(d)—must be dismissed for failure to state a claim.[2] The Court agrees. As to the former, the D.C. Court of Appeals has explicitly held that § 42-3505.2 does not provide an independent cause of action for damages against a landlord. *See Twyman v. Johnson*, 655 A.2d 850, 855–58 (D.C. 1995). And as to the latter, Plaintiffs have not made any allegations in their complaint or subsequent filings that Aldon failed to disclose any of the required information *listed in* D.C. Code §§ 42-3502.13(d) or 42-3502.22. Accordingly, those two claims must be dismissed.

\*     \*     \*

For the above reasons, Aldon's motion to dismiss the complaint for failure to state a claim, ECF No. 12, is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' claims under D.C. Code §§ 42-3502.13(d), 42-3502.22, and 42-3505.2 are **DISMISSED**. To the extent that

---

[2] In the section of their complaint entitled "Prayer for Relief," Plaintiffs request, among other things, "emotional distress damages." *See* Compl. at 10. Aldon argues that Plaintiffs have not adequately pleaded a claim for intentional infliction of emotional distress, and thus that to the extent they bring such a claim, it must be dismissed. MTD at 16–17. The Court agrees. Although Plaintiffs' filings are not clear, to the extent Plaintiffs seek to bring an independent claim for intentional infliction of emotional distress, they make no allegations in their complaint that would rise to the level of "extreme or outrageous conduct" necessary to support such a claim. *Tiefenbacher v. Am. Ass'n of Retired Persons*, No. 05-1802(CKK), 2006 WL 1126841, at \*3 (D.D.C. April 27, 2006).

Plaintiffs seek to bring an independent claim for intentional infliction of emotional distress, that claim is also **DISMISSED**.

The parties shall appear for a status conference on **April 18, 2019, at 9:30 a.m. in Courtroom 11**. Aldon's deadline to answer Plaintiffs' complaint is hereby **EXTENDED** to a date to be determined at the status conference.

**SO ORDERED.**

/s/ Timothy J. Kelly  
TIMOTHY J. KELLY  
United States District Judge

Date: March 31, 2019